UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAY M. MAY,

    Plaintiff,

v.                                  CASE No. 8:08-CV-1705-T-27TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## REPORT AND RECOMMENDATION

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits and supplemental security income payments.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, I recommend that the decision be affirmed.

I.

The plaintiff, who was forty-seven years old at the time of the administrative hearing and who has a ninth grade education (Tr. 603), has worked as an office manager and a bar coder (Tr. 604, 606). She filed claims

---

[1]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998. See also Local Rule 6.01(c)(21).

for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to back, neck, and knee injuries (Tr. 85). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff suffers from severe impairments of "cervical disc disease; lumbar disc disease; foot neuroma; meniscus tear of the right knee; hypertension; emphysema; and a depressive disorder" (Tr. 18). She concluded that these impairments limited the plaintiff to sedentary work as follows (Tr. 21-22):

> The claimant can lift/carry 10 pounds occasionally, 5 pounds frequently; sit 6 hours in an 8-hour day, and stand/walk 2 hours in an 8-hour day. She is limited to only occasional climbing of stairs and ramps and can never climb ladders, scaffolds, or ropes. The claimant is further limited to only occasional balancing, stooping, and crouching and can never kneel or crawl. The claimant must avoid exposure to dangerous moving machinery and unprotected heights and must avoid concentrated exposure to humidity, heat, cold, dusts, fumes, gases, and vibration. Due to the claimant's mental impairment she is limited to only occasional interacting and relating to the general public.

These limitations precluded the plaintiff from returning to prior work (Tr. 26). However, based upon the testimony of a vocational expert, the law judge found that that the plaintiff would be able to perform work that exists in significant numbers in the national economy, such as lens inserter and production inspector (Tr. 27). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 28). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). In this case, also, the plaintiff must show that she became disabled before her

insured status expired on December 31, 2007, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies . . . may be reversed . . . only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is

the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff makes four arguments that are, for the most part, unsupported by citation to the record of the pertinent facts. None warrants reversal.

A. The plaintiff contends first that the law judge failed to apply the Eleventh Circuit pain standard in evaluating the plaintiff's subjective complaints (Doc. 17, pp. 3-5). This contention lacks merit.

The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective symptoms. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge recognized the need to articulate a credibility determination, and referred to the pertinent regulations and Social Security rulings (Tr. 22). This demonstrates that she applied the Eleventh Circuit pain standard. Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

Moreover, consistent with this standard, the law judge acknowledged the plaintiff's specific complaints of debilitating pain (Tr. 23-26). Thus, the law judge summarized the plaintiff's testimony (Tr. 23). Then, she explained in detail, and at length, why that testimony was not fully credible (Tr. 24). In this respect, she pointed to findings on examinations that contradicted the claim of total disability (id.). Further, she identified specific portions of the plaintiff's testimony that were inconsistent with evidence in the record (id.).

The plaintiff bases her challenge to the law judge's credibility determination on a purported conflict between two statements made by the law judge (Doc. 17, pp. 3-4). In her opinion, the law judge found "the claimant's statements regarding an inability to perform work-related functions due to cervical and lumbar pain, knee pain, foot pain, emphysema, hypertension, and depression are generally credible, but not to the extent alleged, and the claimant is capable of doing more than she alleges" (Tr. 25). The plaintiff argues that this statement is in direct conflict with the law judge's conclusion that "the claimant's allegations of an inability to sustain regular and continuing work do not find full support in the medical evidence of record or

in her testimony. The undersigned finds the claimant's testimony casts significant doubt upon the true extent of her limitations secondary to pain" (Tr. 24).

However, there is nothing inconsistent between the law judge's statement that the plaintiff is generally credible, but not to the extent that she alleges, and the law judge's determination that her allegations are not fully supported by the record. The law judge accepted the plaintiff's testimony to a great extent, since she found that the plaintiff had severe limitations that restricted her to a limited range of sedentary work (Tr. 21-22). The law judge only rejected the plaintiff's testimony to the extent that the plaintiff was asserting conditions that would render her totally disabled.

The law judge's detailed credibility determination is clearly supported by substantial evidence. Particularly in light of the plaintiff's failure to cite to any evidence in the record on this issue, the plaintiff has certainly failed to show that the evidence compels a finding contrary to the law judge's credibility determination.

B. The plaintiff's second heading is characterized as "[t]he ALJ failed to accord substantial weight to the findings of the Claimant's treating

physicians" (Doc. 17, p. 5). However, the plaintiff names only one treating physician, Dr. Nicolas Pavouris, a primary care doctor.[2]

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not affording them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Dr. Pavouris treated the plaintiff in a primary care capacity at Tampa Community Health Center in 2005 and part of 2006.[3] On June 20, 2005, Dr. Pavouris scrawled on a prescription pad the following statement: "According to the patient's history[, she is] unable to perform daily functions

---

[2]Following the law judge's decision, the plaintiff submitted to the Appeals Council a treating source statement from a "Dr. Clay" (Tr. 595-98). Such post-decision evidence is only considered in accordance with Ingram v. Commissioner of Social Security, 496 F.3d 1253 (11th Cir. 2007). The plaintiff's argument on this issue mentions neither the treating source statement nor Ingram (Doc. 17, pp. 5-7). In light of the scheduling Order, which requires a plaintiff to support each discrete contention with citations to the pertinent facts and the governing legal standards (Doc. 13, p. 2), any contention based upon the post-decision submission is properly deemed abandoned.

[3]The plaintiff switched her primary care physician to another doctor on May 4, 2006 (Tr. 244).

of living. I feel she is unable to work until the pain is managed to a more tolerable degree" (Tr. 256). No explanation was given for this opinion. Accordingly, the opinion is conclusory and that circumstance provides a recognized basis for discounting the opinion. Lewis v. Callahan, supra, 125 F.3d at 1440.

Moreover, the law judge provided the following reason for giving Dr. Pavouris's opinion little weight (Tr. 26):

> This assessment is inconsistent with the medical evidence of record from Tampa Community Health Center and the additional medical evidence of record in its entirety. The medical evidence of record from Tampa Community Health Center does not indicate that the claimant is restricted from performing any activities of daily living or functions due to her pain symptoms. The undersigned finds that this opinion may be merely the result of the claimant's treating physician accommodating his patient.

The plaintiff contests just one portion of the law judge's reasoning for discounting Dr. Pavouris's opinion: that it was "error for the ALJ to comment on the reason why [Dr. Pavouris's] opinion was proffered – that it was caused by the physician attempting to accommodate his patient"

(Doc. 17, p. 6). However, the law judge's inference is reasonable in light of the lack of evidence supporting the opinion.

At no other time did Dr. Pavouris opine that the plaintiff had limitations stemming from her impairments. Moreover, as already noted, he wrote the statement on a prescription pad without any justification. Further, the Commissioner correctly points out that no other treating, examining, or reviewing physician indicated that the plaintiff was disabled (Doc. 18, p. 11). In addition, the plaintiff's pain management doctor, Dr. Erick Grana, opined in October 2007 that her "chronic back pain is well managed on her current medications" (Tr. 19, see Tr. 201).

Notably, the Seventh Circuit has recognized that a treating physician may be biased in favor of his patient. Dixon v. Massanari, 270 F.3d 1171, 1177 (7th Cir. 2001). Accordingly, it was reasonable in this case for the law judge to think that Dr. Pavouris was merely accommodating the plaintiff in view of the lack of support for his opinion.

Furthermore, even if the law judge's inference is disregarded, her conclusion that Dr. Pavouris's opinion should be given little weight is still

supported by her explanation that the opinion is inconsistent with the medical evidence. Importantly, the plaintiff has not challenged that explanation.

On this issue, the plaintiff also asserts that the law judge erred in providing more weight to state agency non-examining reviewers and consultative examiners than to her treating physicians (Doc. 17, p. 6). That unsupported assertion is inaccurate. As the Commissioner points out, the law judge gave little weight to the opinions of the state agency reviewers (Doc. 18, p. 12).

C. The plaintiff's third argument that the law judge engaged in "sit and squirm" jurisprudence is meritless (Doc. 17, pp. 7-8). See Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982). The law judge mentioned in her decision that the plaintiff "further testified that she can only sit for 15 minutes; however, the undersigned notes that although the claimant was informed she could stand up at the hearing if necessary, she remained seated throughout the hearing which lasted approximately 30 minutes" (Tr. 24). The law judge is not prohibited "from considering the claimant's appearance and demeanor during the hearing," as long as she does "not reject the objective

medical evidence and claimant's testimony solely upon his observation during the hearing." Norris v. Heckler, 760 F.2d 1154, 1158 (11th Cir. 1985).

In view of the extended discussion of the other evidence in this case, the law judge's brief mention of the plaintiff's appearance does not constitute "sit and squirm jurisprudence." Rather, the law judge's observations are relevant to her credibility determination.

D. In her final argument, the plaintiff contends that the law judge's hypothetical questions to the vocational expert were improper because they failed to include the effects of her fatigue and her difficulties with concentration, persistence, or pace (Doc. 17, pp. 8-9). This contention is meritless because the law judge did not find that the plaintiff suffered from any functional limitations due to these conditions.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, supra, 284 F.3d at 1227. On the other hand, the law judge is not required to include in the hypothetical question allegations that have been properly rejected.

Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

In this case, the law judge's pertinent hypothetical questions conformed to the law judge's finding of the plaintiff's residual functional capacity (compare Tr. 21-22 with Tr. 619-20). In other words, the law judge did not omit from the hypothetical questions any functional limitations that she found to exist. Consequently, the hypothetical questions were not flawed.

The plaintiff's argument on this issue is misdirected at the hypothetical questions. Symptoms, such as fatigue or lack of concentration, are not appropriately included in the hypothetical questions to the vocational expert. Ingram v. Commissioner of Social Security, supra, 496 F.3d at 1270. Rather, they are to be considered by the law judge in determining the functional limitations in her finding of the plaintiff's residual functional capacity. Accordingly, the proper point of attack regarding an alleged inadequate assessment of symptoms such as fatigue or lack of concentration is not the hypothetical questions, but the determination of the residual functional capacity.

In this case, the plaintiff has not raised any challenges to the law judge's assessment of fatigue, or lack of concentration (or anything else). Thus, the plaintiff has not cited to any evidence in the record regarding fatigue, or lack of concentration (see Doc. 17, pp. 8-9). The plaintiff, therefore, has not developed a viable claim concerning those conditions.

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and contains no reversible error. I, therefore, recommend that the decision be affirmed.

Respectfully submitted,

THOMAS G. WILSON
DATED: OCTOBER 21, 2009 UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).